**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| **DONALD R. NAGEL, JR.** | **CASE NO. 19-20055** |
| **DEBTOR** | **CHAPTER 13** |
| **DONALD R. NAGEL, JR.** | **PLAINTIFF** |
| V. | **ADV. NO. 19-2009** |
| **KENTUCKY TAX BILL SERVICING, INC.** | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO
DISMISS IN PART, ABSTAINING IN PART, AND
DENYING MOTION FOR LEAVE TO AMEND**

This adversary proceeding is before the Court on Defendant's Motion to Dismiss [AP ECF No. 15] the First Amended Class Action Complaint (the "Complaint") [AP ECF No. 4] that Plaintiff/Debtor Donald R. Nagel, Jr. filed against Defendant/Creditor Kentucky Tax Bill Servicing, Inc. ("KTBS").[1]  Because the Bankruptcy Code does not provide a private cause of action for filing a false claim, Counts 1, 6 and 7 will be dismissed and Plaintiff's Motion for Leave to Amend [AP ECF No. 23] will be denied premised on futility.  Further, the Court will *sua sponte* abstain from hearing the remaining state law counts.

**FACTS AND PROCEDURAL BACKGROUND**

The Complaint generally alleges the following facts.  Debtor previously owned real property located at 291 Rogers Road, Demossville, Pendleton County, Kentucky (the "Demossville Property").  Debtor failed to pay property taxes assessed on the Demossville

---

[1] References to the docket in this adversary proceeding appear as [AP ECF No. __]. References to the docket in Debtor's main bankruptcy case appear as [Bk. ECF No. __].

Property for tax years 2003, 2004, 2006, and 2007 resulting in Pendleton County's tax lien on the property. KTBS purchased the four certificates of delinquency for the unpaid taxes (the "Certificates").

In 2010, KTBS filed an action in Kentucky state court against Debtor seeking to collect on the Certificates. The state court entered an "In Rem Judgment and Order of Sale" on April 10, 2012 (the "2012 Judgment"). The Master Commissioner offered the Demossville Property for sale in July 2012 but received no bids. The Master Commissioner then conveyed the Demossville Property to KTBS, who later sold it in 2017 for $4,500.

In 2015, based on the 2012 Judgment, KTBS filed a notice of judgment lien against all of Debtor's property in Pendleton County and filed a second state court complaint (the "2015 Case") seeking a personal judgment against Debtor and sale of Debtor's home at 9710 Kentucky Highway 467, Williamstown, Pendleton County, Kentucky (the "Williamstown Property").

As Debtor alleges:

In the 2015 Litigation, KTBS asserted that it had two methods by which to foreclose on a piece of property owned by Plaintiff but unrelated to the certificates of delinquency. First, KTBS claimed that it had an *in personam* judgment from the 2010 Litigation and, as a result, was entitled to assert a judgment lien pursuant to K.R.S. 426.720. Second, KTBS claimed that K.R.S. 134.546(4) provided it the ability to execute on any property owned by a delinquent taxpayer even if it held only an *in rem* judgment. [AP ECF No. 4, ¶ 24].

The state court initially entered the requested *in personam* judgment against Debtor and ordered the sale of the Williamstown Property. However, in 2017, the state court set aside the judgment. As Debtor states:

The Court noted that KTBS "represented to the Court that the judgment [in the 2010 Litigation] was a personal judgment against [Debtor] when in fact, the judgment was in rem only." As such, the Court held that KTBS had a judgment only against the property, not the individual. The Court further held that K.R.S. 134.546(4) did not alter this result… [*Id.* at ¶ 27].

2

The Complaint then sets forth a series of allegations concerning KTBS's conduct in other bankruptcy cases in this district to support Debtor's claim that KTBS files false liens and claims in the Bankruptcy Court to further an illegal scheme.[2]  The Complaint seeks to bring the claims as a class action on behalf of the following purported class members:

> All persons who had a certificate of delinquency issued by the Kentucky Department of Revenue on real property in which they held an ownership interest that was purchased by Kentucky Tax Bill Servicing, Inc., and who subsequently filed a petition for relief under Title 11, Chapters 13 or 7, in the Eastern District of Kentucky, and in which Kentucky Tax Bill Servicing, Inc., filed a false proof of claim.  [Id. at ¶ 44].

The Complaint contains seven counts:

| Count | Cause of Action |
|---|---|
| 1 | Filing False Claims in Bankruptcy |
| 2 | Violation of KRS § 434.155—Filing an Illegal Lien |
| 3 | Violation of KRS § 134.452 |
| 4 | Slander of Title |
| 5 | Abuse of Process |
| 6 | Injunctive Relief |
| 7 | Declaratory Relief |

Debtor requests an award of monetary damages totaling $11,935.05, representing attorneys' fees and costs charged to him by the first mortgage holder on the Williamstown Property.  The fees and costs were incurred to defend the mortgage holder's interest during the 2015 Case and subsequent appeals.  Debtor also requests declaratory and injunctive relief against KTBS.

---

[2]  In fact, in Debtor's main chapter 13, KTBS filed its Proof of Claim initially asserting a $25,890.92 claim secured by a judgment lien based on the Certificates and the 2012 Judgment. The Court sustained the Debtor's claim objection and disallowed KTBS's claim under the doctrine of claim preclusion because the 2012 Judgment and the conveyance of the Demossville Property to KTBS, fully adjudicated Debtor's liability to KTBS arising from the Certificates. *In re Nagel*, No. 19-20055, 2019 Bankr. LEXIS 3718 (Bankr. E.D. Ky. Dec. 5, 2019). The Court confirmed the Debtor's chapter 13 plan on August 3, 2019, with the stipulation that all non-exempt proceeds from this adversary proceeding shall be paid to the chapter 13 Trustee for the benefit of the bankruptcy estate.  [Bk. ECF No. 54.]

KTBS's Motion to Dismiss argues that Debtor has no private right of action under federal law for Count 1 and, as a result, is not entitled to either the injunctive or declaratory relief sought under Counts 6 and 7. Further, KTBS argues that the Court lacks subject matter jurisdiction over Counts 2, 3, 4, and 5 (the "State Law Claims")[3] because they have no relationship to the Bankruptcy Code and have no conceivable effect on the bankruptcy estate. Lastly, KTBS argues the State Law Claims are not well-pleaded to survive a motion to dismiss.

During the briefing period, Debtor filed a motion for leave to amend (the "Motion to Amend") stating:

> …pursuant to Fed. R. Civ. P 15, made applicable, by Fed. R. Bankr. P. 7015, [Debtor] respectfully requests an order allowing hi [*sic*] leave to amend the Complaint should the Court grant Defendant Kentucky Tax Bill Servicing, Inc.'s Motion to Dismiss. Under the rule, leave is to be granted freely. [AP ECF No. 23].

Debtor did not provide a proposed amended pleading with the Motion to Amend.

## JURISDICTION

The Court has subject matter jurisdiction over the claims in this adversary proceeding and venue is proper in this District. 28 U.S.C. §§ 1334(b), 1408, 1409. Bankruptcy courts have subject matter jurisdiction over "all cases under title 11," and over "all civil proceedings" (1) "arising under title 11" or (2) "arising in" a case under title 11 or (3) "related to" a case under title 11. 28 U.S.C. § 1334(b). "The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11, 1 Collier on Bankruptcy para. 3.01[1][c][iii], and 'arising in' proceedings are those that, by their very nature, could arise only in bankruptcy cases. *Id.* at para. 3.01[1][c][v]." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991).

A court has related-to jurisdiction if "*the outcome of a proceeding could conceivably*

---

[3] KTBS does not challenge the Court's subject matter jurisdiction over Counts 1, 6, and 7.

*have any effect on the estate being administered in bankruptcy. . .* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Wolverine Radio Co.*, 930 F.2d at 1141 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original)).  Here, Debtor's underlying bankruptcy case is a chapter 13 proceeding and Debtor's confirmed Plan provides any non-exempt proceeds from this adversary proceeding will be paid to the chapter 13 Trustee for the benefit of the bankruptcy estate.  Thus, the Court has subject matter jurisdiction over all the asserted claims since they "relate to" the Debtor's chapter 13 case.  *See, e.g.*, *Tolliver v. Bank of Am. (In re Tolliver)*, 464 B.R. 720, 732–33 (Bankr. E.D. Ky. 2012) (finding jurisdiction over state and federal law claims because any potential recovery could conceivably augment the chapter 13 estate); *Dawson v. J & B Detail, L.L.C. (In re Dawson)*, Nos. 05-22369, 05-1463, 2006 Bankr. LEXIS 4396, at *16 (Bankr. N.D. Ohio 2006) ("the outcome of [debtor's] nonbankruptcy claims against [defendants] would affect property of the estate and would conceivably affect the success of [debtor's] ongoing Chapter 13 plan").

Finally, to the extent any of the claims in the Complaint are non-core or so-called *Stern* claims, the parties have consented to the Court's entry of final orders in this proceeding. "Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1949 (2015).

## MOTION TO DISMISS STANDARD

Civil Rule 12(b)(6), which Bankruptcy Rule 7012(b)[4] incorporates into adversary proceedings, permits a defense on the basis that a complaint or counterclaim "fail[s] to state a

---

[4] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___," and references to the Federal Rules of Civil Procedure appear as "Civil Rule ___."

5

claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Civil Rule 8(a)(2), which Bankruptcy Rule 7008(a) incorporates into adversary proceedings, provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept the complaint's factual allegations as true and construe its allegations in the light most favorable to the plaintiff, it may not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) (citations omitted). "A complaint may be dismissed for failure to state a claim upon which relief can be granted when there is no legal basis for the claim asserted, the facts are insufficient to make out a valid claim, or there is an insurmountable bar to relief on the face of the complaint." *Breckenridge v. Johnson*, Case No. 2:07-cv-0345, 2007 U.S. Dist. LEXIS 83856, at *2 (S.D. Ohio Nov. 13, 2007) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)).

## DISCUSSION

A. <u>Counts 1, 6, and 7</u>

 1. There is No Private Cause of Action for Filing a False Proof of Claim, and Debtor's Claim Must be Dismissed Along with His Claims for Injunctive and Declaratory Relief.

Debtor alleges KTBS made false representations in its proof of claim filed in Debtor's underlying bankruptcy case by stating that it (1) held a secured claim, (2) held a valid judgment lien against Debtor and his real property, (3) had a legally enforceable claim, and (4) was entitled to interest on fees in violation of KRS § 134.452. Debtor argues that under § 105(a),

6

the Court may award monetary damages and declaratory and injunctive relief against KTBS because it filed a false claim.

A federal statute makes it a crime to "knowingly and fraudulently present[] any false claim for proof against the estate of a debtor." 18 U.S.C. § 152(4). However, as many courts have explained, "there is no private cause of action under 18 U.S.C. § 152(4) for filing a false proof of claim in a bankruptcy proceeding." *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728, 731 (W.D. Ky. 2003), *aff'd sub nom. Heavrin v. Nelson*, 384 F.3d 199 (6th Cir. 2004); *see also Yee v. Ditech Fin. LLC (In re Yee)*, No. NC-16-1237-JuFB, 2017 Bankr. LEXIS 2167, at *9 (B.A.P. 9th Cir. Aug. 3, 2017) (same); *Wood v. U.S. (In re Wood)*, 341 B.R. 804 (Bankr. S.D. Fla. 2006) (same); *Clayton v. Raleigh Fed. Sav. Bank*, 194 B.R. 793, 796 (M.D.N.C. 1996), *aff'd,* 107 F.3d 865 (4th Cir. 1997) (same). Accordingly, Debtor's claims cannot survive on this basis.

Debtor tries to sidestep 18 U.S.C. § 152(4) through reliance on § 105(a). Section 105 is an omnibus provision allowing a broad exercise of power in the administration of a bankruptcy case and states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

However, the Sixth Circuit has emphasized that Courts cannot use § 105 to create a remedy for a violation of a Code provision where Congress did not explicitly create one. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000) ("[W]e do not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add to them."). There is no cause of action for "false claims" in the

Code and Debtor's attempt to distinguish *Pertuso* is without merit. The Circuit's interpretation of § 105(a) leaves no doubt that Count 1 must be dismissed because § 105(a) may not be used to create a private cause of action that does not otherwise exist.

Count 6, titled "Injunctive Relief," requests an order enjoining KTBS from collecting or receiving money on false claims. Injunctive relief is not an independent cause of action, it is a remedy. *Thompson v. JPMorgan Chase Bank, N.A.*, 563 F. App'x 440, 442 n.1 (6th Cir. 2014); *see also Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-00208-CRS, 2015 U.S. Dist. LEXIS 157120, at *41 (W.D. Ky. Nov. 20, 2015) (a "claim for injunctive relief is a misnomer and appropriately pleaded as relief for a particular claim."). Accordingly, Count 6, which is not a stand-alone claim, must be dismissed.

Finally, Count 7 requests declaratory relief that KTBS acted unlawfully and fraudulently in the filing of false proofs of claim. Count 7 must also be dismissed. The "Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "The Declaratory Judgment Act is procedural in nature and 'does not create an independent cause of action' that can be invoked absent some showing of an articulated legal wrong." *Doe v. Univ. of Dayton*, 766 F. App'x 275, 291 (6th Cir. 2019) (citing *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)). "A court may dismiss as moot a claim for declaratory relief where the claim duplicates or is wholly subsumed by another claim that has been dismissed." *Bartlett v. Overslaugh*, 169 F. Supp. 3d 99, 110 (D.D.C. 2016) (citing *Boone v. MountainMade Found.*, 684 F. Supp. 2d 1, 12 (D.D.C. 2010)); *see also In re Old Cutters, Inc*, No. 1:13-CV-00057-EJL, 2014 U.S. Dist. LEXIS 45787, at *33 (D. Idaho Mar. 31, 2014) (finding that a declaratory judgment action is moot "where the judgment, if granted, would have

no effect either directly or collaterally on the plaintiff, the plaintiff would be unable to obtain further relief based on the judgment and no other relief is sought in the action."). With Count 1 dismissed, Debtor has no substantive right to be addressed via declaratory relief. Accordingly, Count 7 is dismissed.

   2. Debtor's Motion to Amend is Futile and Must be Denied.

 Debtor requested leave to amend his pleading. With leave of the court, a party may further amend its pleadings after its first amendment (permitted "as a matter of course"), and leave is to be given freely "when justice so requires." FED. R. CIV. P. 15(a)(2). This Court has discretion to permit further amendment, which discretion is limited by the liberal policy of amendments in Civil Rule 15. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citations omitted).

 However, "[a] court need not grant leave to amend where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 817 (citation omitted).

 Here, not only is there no proposed amendment, there is no amendment which could be made to fortify Count 1 (and thus Count 7). There simply is no private cause of action for filing a false proof of claim. Similarly, as a matter of law, injunctive relief is not a cause of action. No amendment to the Complaint can change this, and any amendment would be futile. Thus, as to Counts 1, 6 and 7, the Motion to Amend is denied.

  B. <u>The Court Will Abstain from Hearing the State Law Claims- Counts 2, 3, 4, and 5</u>.

 Each of the remaining counts assert purely state law claims. Counts 2 and 3 assert claims for violations of Kentucky statutory law; to-wit: filing illegal liens in violation of KRS § 434.155 and claiming interest on fees and other charges in violation of KRS § 134.452. Count

9

4 asserts a slander of title claim under Kentucky law based on alleged illegal liens. Count 5 asserts abuse of process claims under Kentucky law based on the alleged improper employment of judicial process to enforce illegal claims and liens.

Although the Court has subject matter jurisdiction over the State Law Claims, the Court will *sua sponte* abstain from hearing them pursuant to 28 U.S.C. § 1334(c)(1). "A bankruptcy court may, *sua sponte*, in the interest of justice, comity with State courts or respect for State law, abstain from hearing a particular proceeding arising in a bankruptcy case." *Dodd v. Micek (In re Micek)*, Nos. 10-52848, 11-5048, 2012 Bankr. LEXIS 4361, at *7 (Bankr. E.D. Ky. Sep. 19, 2012) (citing 28 U.S.C. § 1334(c)(1)). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1) which provides:

> Except with respect to a case under Chapter 15 of Title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1).

Courts consider several factors when deciding whether to permissively abstain. Not every factor "must be satisfied nor all factors weigh in favor of abstention for its exercise to be appropriate," and "the importance of various factors will vary with the circumstances of each case, and no one factor is determinative." *PRN Pharm. Servs. v. Brownsburg Healthcare LLC (In re Kentuckiana Healthcare, LLC)*, No. 3:12CV-705-S, 2014 U.S. Dist. LEXIS 29532, at *13 (W.D. Ky. Mar. 6, 2014) (citations omitted); *see also Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003) (these "factors are considerations, not compelling criteria, and are to be balanced by the court in reaching a determination"). These non-exclusive factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;

10

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties; and

(13) any unusual or other significant factors.

*Berman v. Weddington (In re HNRC Dissolution Co.)*, Nos. 02-14261, 04-1684, 2005 Bankr. LEXIS 1415 (Bankr. E.D. Ky. July 28, 2005); *PRN Pharm. Servs.* 2014 U.S. Dist. LEXIS 29532, at *14.

Here, the balance of the applicable factors weigh in favor of abstention. There are related proceedings in the state court, and state law issues not only predominate but are exclusively at issue in the remaining counts. The parties' briefs identify state law issues which may be unsettled or difficult, including whether attorneys' fees charged to Debtor's mortgage can be deemed "special damages" for purposes of a slander of title claim.

A Kentucky state court is in a better position to decide the State Law Claims. As set forth in the Complaint, Debtor's claims and alleged damages stem from KTBS's actions in Kentucky state court and the judgment lien(s) which arose therein under Kentucky law.

Further, issues of the validity of the various liens and claims were the subject of the 2015 Case. The state court is clearly in a superior position to adjudicate the State Law Claims. As alleged in the Complaint, the state court issued an opinion in the 2015 Case detailing KTBS's actions both before and during the case and made findings relevant to the State Law Claims.

The remaining State Law Claims are non-core claims. There is no basis for this Court's jurisdiction other than 28 U.S.C. § 1334. Abstention will not affect the efficient administration of the bankruptcy estate. The Court previously adjudicated Debtor's objection to KTBS's claim, Debtor's chapter 13 plan is confirmed and any proceeds from the State Law Claims will simply augment the Debtor's post-petition estate. The Court gives little weight to the burden of its docket and Debtor's apparent lack of forum shopping. These factors are significantly outweighed by the overriding premise that the State Law Claims are grounded in Kentucky law and arise from KTBS's actions during two state court cases. The Court abstains from Counts 2 through 5 out of respect for state law and in comity with state courts and takes no action on the Motion to Amend as to the State Law Claims.

    C.   <u>Class Certification is Moot</u>

Debtor sought to certify this adversary proceeding as a class action. However, the Court is dismissing or abstaining from hearing all of the claims in the Complaint. Moreover, the proposed class representative's individual claim under federal law lacks merit. Accordingly, Debtor's request to certify this proceeding as a class action is moot. *See, e.g., In re Bentley*, 607 B.R. 889, 898 (Bankr. E.D. Ky. 2019).

**CONCLUSION**

For the reasons set forth herein, it is hereby ORDERED Defendant's Motion to Dismiss is granted in part and Counts 1, 6, and 7 in the Complaint are DISMISSED with prejudice. Debtor's Motion for Leave to Amend Complaint as to Counts 1, 6 and 7 is DENIED. Based on

abstention, Counts 2, 3, 4, and 5, are DISMISSED without prejudice.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, February 21, 2020**
**(tnw)**